UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. KEARNEY,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

_____/

Criminal Case No. 07-20143
Civil Case No. 13-11348

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [84]**

On March 29, 2010, the Court, applying a sentence enhancement under the Armed Career Criminal Act, sentenced Movant to 180 months of imprisonment on a conviction for being a felon in possession of a firearm. On March 26, 2013, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence [84] pursuant to 28 U.S.C. § 2255. On July 5, 2013, Respondent filed a Response [92], to which Movant filed a Reply [93] on July 29, 2013. On May 5, 2014, Movant filed a Motion for Appointment of Federal Defender or Court-Appointed Counsel [96].

For the reasons stated below, the Court **DENIES** Movant's Motion to Vacate, Set Aside, or Correct Sentence [84]. Accordingly, the Court **DENIES AS**

1

**MOOT** Movant's Motion for Appointment of Federal Defender or Court-Appointed Counsel [96].

## FACTUAL BACKGROUND

On March 22, 2007, a grand jury charged Movant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and with possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Pursuant to a Rule 11 plea agreement, Movant pleaded guilty to the charges on October 27, 2009. The plea agreement stated that due to three or more previous convictions for violent offenses, Movant's sentence on the firearm conviction could be no less than fifteen years (180 months) of imprisonment under 18 U.S.C. § 924(e), which codifies the Armed Career Criminal Act (ACCA).

Shortly thereafter, Movant's counsel requested the Court's permission to withdraw from the case, explaining that Movant had filed a grievance regarding counsel's services. The Court permitted Movant's counsel to withdraw and appointed new counsel, who filed his notice of appearance on December 15, 2009. On January 29, 2010, Movant filed a motion to set aside the Rule 11 plea agreement. The motion argued that Movant's prior counsel had rendered ineffective assistance by negotiating a plea agreement that erroneously applied the ACCA sentence enhancement. According to the motion, Movant did not have

three or more "violent felony" convictions under the ACCA because, but for the operation of a recidivism provision, his two convictions for a third or subsequent domestic violence offense would have been *misdemeanor* convictions.

The Court granted Movant's request to withdraw from the plea agreement on March 4, 2010, and scheduled a hearing for March 29, 2010. The parties submitted sentencing memoranda on March 26, 2010. The government argued that Movant's felony convictions for a third or subsequent domestic violence offense met the ACCA's definition of "violent felony" because "Michigan's domestic violence statute 'has as an element the use, attempted use or threatened use of physical force.'" The Court accepted this argument at the hearing and, applying the ACCA enhancement, sentenced Movant to 180 months of imprisonment on the firearm charge. The Court also accepted Movant's guilty plea to the drug possession charge, imposing a one-day sentence to run concurrently with the 180-month sentence.

Movant appealed his sentence on April 5, 2010. On appeal, Movant renewed his argument that the operation of Michigan's recidivist provision should be ignored and Movant's domestic violence convictions should be treated as misdemeanors. The Sixth Circuit rejected this argument and affirmed Movant's sentence on April 5, 2012.

## ANALYSIS

To succeed on a motion to vacate, set aside, or correct a sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).  Here, Movant argues that his sentence should be set aside because the ineffective assistance of his counsel resulted in the Court's erroneous application of the ACCA enhancement.  The alleged violation of Movant's constitutional right to counsel is "an error of constitutional magnitude."  *See id.* Movant is entitled to relief if he proves by a preponderance of the evidence that he received ineffective assistance of counsel.  *See id*.

To establish ineffective assistance of counsel, a movant must show that counsel rendered deficient performance and thereby prejudiced the movant's defense so as to render the outcome of the proceedings unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "Counsel's failure to object to an error at sentencing or failure to raise a viable argument that would reduce his client's sentence may constitute deficient performance." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (citing *United States v. Thomas*, 38 Fed. Appx.

198, 203 (6th Cir. Mar. 15, 2002)). However, a court owes "substantial deference to counsel's decisions not to raise an argument, even a meritorious argument, if the decision might be considered sound trial strategy." *Id.* (quoting *Hodge v. Hurley*, 426 F.3d 368, 385 (6th Cir. 2005)) (internal quotation marks omitted). Therefore, counsel's omission of an argument for a lighter sentence constitutes deficient performance only if the omission was objectively unreasonable. *See id.* If a movant establishes that counsel's performance was deficient, he need not prove that more effective counsel likely would have changed the outcome; he need only show a probability of a different outcome sufficient to undermine confidence in the results of the proceedings. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986) (citing *Strickland*, 466 U.S. at 694).

Movant faults his sentencing counsel for failing to raise three arguments against the application of the ACCA enhancement. First, Movant argues that he did not have *three* prior convictions for "violent felonies," since some of the convictions the Court relied on should have been treated together, as a single predicate conviction. Second, Movant argues that his convictions under Michigan's domestic violence recidivist statute do not meet the ACCA's definition of "violent felony" because they were originally classified as misdemeanors and carried a maximum prison sentence of two years. Finally, Movant argues that

convictions under Michigan's domestic violence recidivist statute do not meet the ACCA's definition of "violent felony" because, when considered categorically and without reference to Movant's actual conduct, they neither require as an element the use, attempted use, or threat of physical force nor entail a sufficient risk of physical injury to fall within the ACCA's residual clause.

For the reasons stated below, the Court concludes that Movant's counsel did not render ineffective assistance of counsel by failing to raise these arguments at sentencing. This conclusion renders it unnecessary for the Court to address Respondent's argument that Movant's claim is procedurally barred.

## I.     Consolidation of Movant's Predicate Convictions

Movant argues that because his "domestic violence convictions" arose from a pattern of continuing conduct with the same victim, the Court should not have counted them as separate predicate convictions when determining whether Movant had three qualifying convictions under the ACCA. As recognized by the Sixth Circuit, the Court relied on four of Movant's prior convictions to find that the ACCA enhancement applied: "(1) a 1995 conviction for felonious assault; (2) a 2000 conviction for assault with a dangerous weapon; (3) a 2000 conviction for domestic violence, third or subsequent offense; and (4) another 2000 conviction for domestic violence, third or subsequent offense." *United States v. Kearney*, 675

F.3d 571, 575 (6th Cir. 2012). Movant's argument regarding his "domestic violence convictions" likely encompasses all three of the 2000 convictions, which arose from three separate incidents of violence committed by Movant against his then-girlfriend. If the Court had treated these three convictions as a single predicate conviction, then the Court likely would have found that Movant had only *two* prior convictions for "violent felonies," and would not have applied the ACCA enhancement.

However, Movant cites no ACCA provision providing for consolidation of predicate convictions that arose from a continuing course of conduct against the same victim. Movant's only authority for his argument is a comment defining "common scheme or plan" as used in Sentencing Guidelines Manual § 1B1.3, which concerns conduct to be considered when determining a defendant's base offense level, specific offense characteristics, and adjustments. That section of the Manual is irrelevant to the applicability of the ACCA enhancement, which is determined solely by the provisions of 29 U.S.C. § 924(e). *See* Sentencing Guidelines Manual § 4B1.4(a). Section 924(e)(1) calls for application of the enhancement to any defendant who "has three previous convictions … for a violent felony or a serious drug offense, or both, committed on occasions different from one another …." Though Movant's three 2000 convictions were imposed at the

7

same time, they are based on three distinct occasions on which Movant committed violence against his then-girlfriend. Therefore, the Court properly considered Movant's 2000 convictions separately when determining if Movant had three or more prior convictions for "violent felonies." *See Kearney*, 675 F.3d at 575 n.5.

## II. "Crime Punishable by Imprisonment for a Term Exceeding One Year"

The ACCA's definition of "violent felony" limits the term to crimes "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B). As Movant notes, the ACCA's definition of the phrase "crime punishable by imprisonment for a term exceeding one year" counterintuitively excludes a state misdemeanor punishable by a maximum of *two* years imprisonment. 18 U.S.C. § 921(a)(20)(B). Movant asserts that his domestic violence recidivist convictions fall under this exclusion because they were originally classified as misdemeanors and each carried a maximum penalty of two years imprisonment.

Movant's convictions for a third or subsequent domestic violence offense were imposed under Michigan Compiled Laws § 750.81(4). Prior to an amendment that became effective April 1, 2013, the maximum sentence under § 750.81(4) was indeed two years. *See* 2012 Mich. Legis. Serv. 366 (West). However, § 750.81(4) has classified a third or subsequent domestic violence

offense as a felony since it was first codified in 1994. *See* 1994 Mich. Legis. Serv. 64 (West). Only offenses classified by the state as *misdemeanors* and punishable for no more than two years are excluded from the ACCA's definition of "crime[s] punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 921(a)(20)(B). To the extent Movant relies on his assertion that his convictions were "originally" classified as misdemeanors, he seems to be reiterating his argument on direct appeal that the operation of the recidivism provision should be ignored—an argument rejected by the Sixth Circuit. *See Kearney*, 675 F.3d at 575-78.

As felony convictions punishable by two years of imprisonment, Movant's domestic violence recidivist convictions met the ACCA's definition of "crime[s] punishable by imprisonment for a term exceeding one year."

### III. The ACCA's Physical Force Provision and Residual Clause

A "crime punishable by imprisonment for a term exceeding one year" may qualify as a "violent felony" under the ACCA in three ways. First, the crime is a "violent felony" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Second, the crime is a "violent felony" if it is one of the following enumerated offenses: burglary, arson, extortion, or use of explosives. 18 U.S.C. §

9

924(e)(2)(B)(ii). Finally, under the statute's residual clause, the crime is a "violent felony" if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* Here, the government argued that Movant's domestic violence recidivist convictions qualified as "violent felonies" under the physical force provision of § 924(e)(2)(B)(i). The Court accepted this argument. On direct appeal, the Sixth Circuit did not address the applicability of the physical force provision, instead holding that Movant's convictions qualified as "violent felonies" under the residual clause. *Kearney*, 675 F.3d at 574, 578.

Movant claims the Court would not have applied the ACCA's physical force if his counsel had argued that his convictions did not require as an element the use, attempted use, or threat of "*violent* force" as defined by the Supreme Court in *Johnson v. United States*, 559 U.S. 133 (2010).[1] He further claims the Court would not have applied the residual clause if his counsel had argued that courts evaluate the ACCA's applicability to convictions under a given statute categorically, without reference to the facts underlying a particular conviction. The Court agrees that it likely would not have found the physical force provision applicable if Movant's counsel had effectively raised the Supreme Court's holding in *Johnson*. However, this conclusion does not disturb the Court's confidence in the outcome

---

[1] *Johnson* was decided on March 2, 2010—roughly four weeks before the sentencing hearing—and cited by both parties in their sentencing memoranda.

10

of Movant's sentencing proceedings. Regardless of the arguments raised by counsel, the Court almost certainly would have concluded that Movant's convictions under Michigan's domestic violence recidivist statute qualify as "violent felonies" under the ACCA's residual clause.

Shortly before Movant's sentencing hearing, the Supreme Court held that the ACCA's use of the phrase "physical force," unlike the term "force" in the common law definition of battery, does not extend to the slightest offensive touching, but instead requires "*violent* force." *Johnson*, 559 U.S. at 138-41. Because the petitioner's battery conviction could have been sustained by mere touching rather than by violent force, the *Johnson* Court held that it did not qualify as a "violent felony" conviction. *Id.* at 136-38, 145. In their dissent, Justices Alito and Thomas identified Michigan's domestic violence statute as one of many state statutes that can be satisfied with or without violent force. *See id.* at 151-52 & n.3-4 (Alito, J., dissenting) (citing Mich. Comp. Laws §§ 750.81(2),(4)). The dissenting justices stated that *Johnson* would take all convictions under these statutes—including the very statute under which Movant was convicted—out of the scope of the ACCA's physical force provision. *See id.* at 152.

A defendant may be convicted of a felony under Michigan Compiled Laws 750.81(4) if he has two or more previous convictions for domestic violence and he

"commits an assault or an assault and battery" against a protected individual.[2] In Michigan, battery is "the willful touching of the person of another by the aggressor or by some substance put in motion by him." *Klein v. Long*, 275 F.3d 544, 551 (6th Cir. 2001) (quoting *People v. Bryant*, 264 N.W.2d 13, 16 (Mich. Ct. App. 1978)). The touching need not result in physical injury. *Id.* (citing *People v. Terry*, 553 N.W.2d 23, 25 (Mich. Ct. App. 1996)). "Battery" as used in Michigan's domestic violence statute therefore extends to mere offensive touching, and accordingly does not *require* violent force as contemplated by the ACCA's physical force provision. *See Johnson*, 559 U.S. at 136-41. Indeed, both assault and battery can be accomplished in Michigan without the use, attempted use, or threat of violent force, as where a person intentionally spits on another. *See Terry*, 553 N.W.2d at 25. Thus, had Movant's counsel raised the holding in *Johnson*, the Court likely would have concluded that convictions under Michigan Compiled Laws § 750.81(4) do not include *as an element* the use, attempted use, or threat of physical force within the meaning of 18 U.S.C. § 924(e)(2)(B)(i).[3]

---

[2] A defendant's first conviction for domestic violence is a misdemeanor punishable by no more than 93 days of imprisonment. Mich. Comp. Laws § 750.81(2). The defendant's second conviction is punishable by up to one year of imprisonment. *Id.* § 750.81(3).

[3] It would not have been necessary for the Court to employ the "modified categorical approach." That approach would have been appropriate only if the statute contained at least one set of elements requiring the use, attempted use, or threat of violent force, and the Court thus needed to determine which statutory elements were at issue. *See Johnson*, 559 U.S. at 144; *United States v. Mitchell*, 743 F.3d 1054, 1064-66 (6th Cir. 2014). Nor would it have been appropriate for the Court to look beyond the statutory elements and conduct a factual inquiry to determine if Movant

Movant's defense, however, was not prejudiced.  If the Court had found the physical force provision inapplicable, the Court would have proceeded to conclude that the convictions nevertheless qualify as "violent felonies" under the ACCA's residual clause.  Prior to Movant's sentencing, the Supreme Court had held that the residual clause applies to convictions under a given statute if the statute criminalizes conduct roughly similar in kind to the ACCA's enumerated offenses—as where the conduct is "purposeful, violent, and aggressive"—and if the criminalized conduct presents a serious potential risk of injury.  *See Begay v. United States*, 553 U.S. 137, 143-45 (2008).  The Supreme Court had instructed courts to consider only the conduct underlying a *typical* conviction.  *James v. United States*, 550 U.S. 192, 208 (2007) (holding that a conviction falls within the residual clause if "the conduct encompassed by the elements of the offense, in the *ordinary* case, presents a serious potential risk of injury to another") (emphasis added); *see also United States v. Young*, 580 F.3d 373, 377 (6th Cir. 2009) (citing *id.*) (stating that when applying the residual clause, a court "consider[s] the behavior underlying the offense as it is generally or ordinarily committed").

---

actually employed violent force.  *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013) (recognizing that when applied in "the only way [the Supreme Court has] *ever* allowed," the modified categorical approach "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime") (emphasis added).

Faced with this binding precedent, Movant's counsel had no realistic chance of securing a different outcome. To establish the ACCA's applicability, the prosecution need only have convinced the Court that when Michigan domestic abusers are convicted—for a third or subsequent time—of assaulting and/or battering an intimate partner, they typically have been charged with violent conduct presenting a serious risk of injury. In response, Movant's counsel would have been forced to argue that convicted domestic violence recidivists in Michigan *often* have engaged only in non-violent or relatively harmless conduct. The chance that such an argument would have succeeded is too remote to disturb the Court's confidence in the outcome; to conclude otherwise would be an insult to Michigan's survivors of domestic violence.[4]

## CONCLUSION

As the Court stated at Movant's sentencing hearing, there is no question that Movant's criminal history warranted a substantial prison term. Nevertheless, as the Court further stated, Movant's mere possession of a firearm did not warrant his incarceration for *fifteen years*. Congress, however, removed the Court's discretion

---

[4] Given the common-sense nature of the conclusion that charges against domestic violence recidivists typically arise from dangerous and aggressive conduct, the Court finds it unnecessary to speculate on the supporting evidence it would have considered. The Court notes, however, that the Michigan Legislature amended Michigan Compiled Laws § 750.81(4) in 2012, increasing the maximum penalty to five years of imprisonment rather than two. 2012 Mich. Legis. Serv. 366 (West). The Legislature evidently found a two-year prison term too lenient for the typical conviction under the statute, suggesting that the conduct underlying convictions to that point had indeed been egregious.

to set a more appropriate sentence when it enacted the Armed Career Criminal Act. More effective sentencing counsel may have led the Court to base that conclusion on different grounds, but the Court is confident it would have reached the same conclusion—and imposed the same mandatory sentence. There is therefore no merit to Movant's claim that his sentence violated his constitutional right to the effective assistance of counsel. Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence [84] is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Motion for Appointment of Federal Defender or Court-Appointed Counsel [96] is **DENIED AS MOOT**.

**SO ORDERED**.


s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: October 28, 2014          Senior United States District Judge