UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. KEARNEY,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

Criminal Case No. 07-20143
Civil Case No. 13-11348

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER GRANTING MOVANT'S MOTION TO AMEND MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [115]; GRANTING AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [84, 115]; RESENTENCING MOVANT; AND DENYING AS MOOT MOVANT'S MOTION FOR BOND PENDING DECISION ON MOTION TO VACATE [118]**

On March 29, 2010, the Court, applying a mandatory sentence enhancement under the Armed Career Criminal Act (ACCA), sentenced Movant to fifteen years of imprisonment on a conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Without the sentence enhancement, Movant's sentence could not have exceeded ten years. 18 U.S.C. § 924(a)(2). On March 26, 2013, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence [Dkt. #84] pursuant to 28 U.S.C. § 2255. After the motion was fully briefed, the Court issued

an Order Denying Movant's Motion to Vacate Sentence [100] on October 28, 2014. Movant appealed the order. On February 26, 2015, the Court issued an Order [104] granting Movant a certificate of appealability on the issue of whether Movant's sentence was imposed in violation of his constitutional right to the effective assistance of counsel.

After the parties filed their appellate briefs, the Supreme Court held the ACCA's "residual clause" unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). Movant filed a request with the Sixth Circuit for permission to amend his § 2255 motion to include a claim for relief under *Johnson*. On September 29, 2015, the Sixth Circuit vacated this Court's Order Denying Movant's Motion to Vacate [100] and remanded for consideration of Movant's request for relief under *Johnson*.

On December 22, 2015, the Court issued Orders [110, 111] appointing the Federal Defender to represent Movant. On December 29, 2015, the Court received a pro se Supplemental Brief [112] filed by Movant. On February 17, 2016, Movant, through counsel, filed a Motion to Amend/Correct Motion to Vacate Sentence [115]. On March 25, 2016, the government filed a Response [117], to which Movant filed a Reply [119] on March 30, 2016. On March 29, 2016, Movant filed a Motion for Bond Pending Decision on Motion to Vacate [118].

The Court heard argument from counsel for both parties during a telephonic conference held on April 4, 2016.

In its order of remand, the Sixth Circuit noted that remand "will allow the parties and the district court to address in the first instance whether *Johnson* applies retroactively in this case; whether there are other barriers to relief, such as procedural default; and whether Kearney is entitled to resentencing and, if so, what relief is appropriate." The Sixth Circuit has since held that *Johnson* applies retroactively on collateral review.[1] *In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015); *see also In re Boyett*, 628 F. App'x 431 (Mem.) (6th Cir. Jan. 7, 2016) (authorizing district court to consider a movant's second or successive § 2255 motion based on the retroactively applicable new rule of constitutional law announced in *Johnson*). The government does not raise procedural default or other barriers to relief. Thus, the Court need only determine whether Movant's *Johnson* claim entitles him to resentencing and, if so, what relief is appropriate.

The ACCA imposes a mandatory fifteen-year sentence on a felon-in-possession conviction if the defendant has three prior convictions for "violent felonies" and/or "serious drug offenses." 18 U.S.C. § 924(e)(1). As recognized by

---

[1] On January 8, 2016, the Supreme Court accepted review of a case presenting the issue of whether *Johnson* applies retroactively. *Welch v. United States*, 136 S. Ct. 790 (Mem.) (2016). The government agrees with Movant that *Johnson* applies retroactively, but notes that the Court may choose to postpone decision pending the Supreme Court's resolution of the issue. The Court declines to do so.

the Sixth Circuit on appeal, the Court applied the ACCA enhancement because it found that Movant had four prior "violent felony" convictions: "(1) a 1995 conviction for felonious assault; (2) a 2000 conviction for assault with a dangerous weapon; (3) a 2000 conviction for domestic violence, third or subsequent offense; and (4) another 2000 conviction for domestic violence, third or subsequent offense." *United States v. Kearney*, 675 F.3d 571, 575 (6th Cir. 2012). Movant does not contest the "violent felony" status of the first two convictions. The only issue presented is whether either of Movant's two domestic violence recidivist convictions qualify as "violent felonies" under currently governing law.

A "crime punishable by imprisonment for a term exceeding one year" may qualify as a "violent felony" under the ACCA in two ways.[2] First, the crime is a "violent felony" if it is one of the following enumerated offenses: burglary, arson, extortion, or use of explosives. 18 U.S.C. § 924(e)(2)(B)(ii). Second, the crime is a "violent felony" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). The Supreme Court has held that the phrase "physical force" in the elements clause, unlike the term "force" in the common law definition of battery, does not encompass all offensive touching. *Johnson v. United States* (*Johnson 2010*), 559

_____

[2] Before *Johnson*, the statute's residual clause provided a third way: a crime qualified as a "violent felony" if it "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

U.S. 133, 139 (2010).  Instead, the elements clause refers only to "*violent* force—that is, force capable of causing physical pain or injury to another person."  *Id.* at 140.

Here, Movant's relevant convictions were imposed under Michigan Compiled Laws § 750.81(4).  A defendant may be convicted of a felony under § 750.81(4) if he has two or more prior convictions under Michigan's domestic violence statute and he "commits an assault or an assault and battery" against a protected individual.  It is possible to commit battery, within the meaning of the statute, by offensive touching of the victim's person (or something closely connected with her person) that is intentional and nonconsensual, but not harmful. *See, e.g.*, *People v. Cameron*, 806 N.W.2d 371, 379 (Ct. App. Mich. 2011) (citing *People v. Starks*, 473 Mich. 227, 234 (Mich. 2005); *People v. Terry*, 553 N.W.2d 23, 25 (Ct. App. Mich. 1996)); *People v. Meissner*, 812 N.W.2d 37, 46 (Ct. App. Mich. 2011) (citing *People v. Reeves*, 458 Mich. 236, 240 n.4 (Mich. 1998)).  It is possible to commit assault, within the meaning of the statute, by an attempt at such touching.  *E.g., Cameron*, 806 N.W.2d at 379.  Offensive touching sufficient to sustain assault and battery may be accomplished without using, attempting to use, or threatening to use force capable of causing physical pain or physical injury.  *See People v. Jackson*, No. 277926, 2008 WL 4927247, at *2 (Ct. App. Mich. Nov. 18, 2008) (unpublished); *People v. Terry*, 553 N.W.2d 23, 25 (Ct. App. Mich. 1996));

*People v. Patterson*, 410 N.W.2d 733, 734, 744 (Mich. 1987).  Thus, a conviction under § 750.81(4) does not require, as an element, "physical force" within the meaning of the ACCA, as interpreted by the Supreme Court.[3]  *Johnson 2010*, 559 U.S. at 140.

The Court concludes that Movant's convictions under § 750.81(4) are not "violent felony" convictions.  The government has therefore established ACCA predicate status for only two of Movant's prior convictions.  This is insufficient to trigger the ACCA's mandatory fifteen-year minimum sentence.  18 U.S.C. § 924(e)(1).  Without the ACCA enhancement, the maximum sentence on Movant's felon-in-possession conviction is ten years.  *Id.* § 924(a)(2).  Movant is entitled to resentencing under § 2255 because his sentence was "imposed outside the statutory limits."  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## CONCLUSION

For the reasons stated above,

---

[3] The Supreme Court has suggested as much in dicta.  *United States v. Castleman*, 134 S. Ct. 1405, 1412 (2014) (reasoning that offensive touching constitutes "force" for purposes of meeting the definition of "misdemeanor crime of domestic violence" in part because if it did not—as it does not for purposes of meeting the definition of "violent felony"—the definition when enacted would have excluded convictions under several state statutes commonly used to prosecute domestic violence, including Michigan Compiled Laws § 750.81); *see also Johnson 2010*, 559 U.S. at 151–52 & n.3 (Alito, J., dissenting).

**IT IS ORDERED** that Movant's Motion to Amend Motion to Vacate, Set Aside, or Correct Sentence [115] is **GRANTED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence [84, 115] is **GRANTED**.   Movant's sentence on his conviction under 18 U.S.C. § 922(g) is **VACATED**.

**IT IS FURTHER ORDERED** that Movant is **RESENTENCED** to the statutory maximum sentence of ten years (120 months) of imprisonment on his conviction under 18 U.S.C. § 922(g).

**IT IS FURTHER ORDERED** that Movant's Motion for Bond Pending Decision on Motion to Vacate [118] is **DENIED** as moot.

**SO ORDERED**.


                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated: April 11, 2016                   Senior United States District Judge